UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PEOPLE OF THE STATE OF NEW YORK,

-against-

MICHAEL A. DEEM,

Defendant.

---

22-CV-1251 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Defendant Michael A. Deem, who is appearing *pro se*, filed a notice of removal of his pending state criminal case. On June 25, 2021, officers from the White Plains Police Department arrested Defendant for trespassing at the White Plains Hospital Emergency Room after he was repeatedly asked to leave for refusing to comply with the hospital's standard policy that all visitors must wear a face mask to prevent the spread of the Covid-19 virus. (*See* ECF 1, at 7.) Defendant was released on his own recognizance. On January 28, 2022, after being returned to the White Plains Police Department in connection with unrelated charges, he was arraigned on the charges of trespassing at the hospital.[1] For the reasons set forth below, the case is remanded.

## STANDARD OF REVIEW

The statute governing removal of a state-court criminal prosecution to the federal district court provides that:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

---

[1] Defendant does not explicitly indicate in the notice of removal the court in which his criminal proceedings arising out of the events on June 25, 2021, are pending. A document attached to the notice of removal indicates that his proceedings are pending in the White Plains City Court, *see* ECF 1, at 7.

28 U.S.C. § 1455(a).

If it appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(b)(4).

## DISCUSSION

Defendant's notice of removal does not establish that this Court has subject matter jurisdiction over this action. State court criminal prosecutions may be removed to federal court in two situations: (1) where the prosecution is against a federal officer or member of the armed forces for actions taken under the color of office, 28 U.S.C. §§ 1442(a), 1442a, or (2) where the defendant shows that he has been "denied or cannot enforce in the courts of such a State a right under any law providing for the equal civil rights of citizens of the United States," 28 U.S.C. § 1443(1). The burden of establishing federal jurisdiction is on the state-court defendant, and any doubts about jurisdiction should be resolved against removal. *Teamsters Local 404 Health Servs. & Ins. Plan v. King Pharm., Inc.*, 906 F.3d 260, 267 (2d Cir. 2018) (citation omitted).

Here, Defendant does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. He therefore does not show that removal of his criminal proceedings is proper under sections 1442, 1442a.

Removal under section 1443 requires a criminal defendant to satisfy a two-pronged test: First, "it must appear that the right allegedly denied the removal petitioner [in state court] arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citation omitted). Second, it must appear that the "defendant would be denied or cannot enforce the specified federal rights in the state court." *Id.* (quotation marks and citation omitted). This normally requires that "the denial be manifest in a form expression of state law, such as a state legislative or constitutional provision, rather than a

denial first made manifest in the trial of the case." *Id.* (quotation marks and citation omitted).[2]

The United States Supreme Court has also described allegations that are insufficient to justify removal of state criminal proceedings to federal court:

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Johnson*, 421 U.S. at 219.

Here, Defendant alleges that "compulsory face coverings are associated with systemic race/ethnically based slavery or indentured servitude." (ECF 1, at 3 ¶ 12.) He further alleges, "[o]n information and belief," that the state court's mask mandate "has no basis in fact or science." (*Id.* ¶ 14.) His notice of removal might therefore be liberally construed as alleging that his constitutional rights will be violated in criminal proceedings (on his charge for trespassing) in the state court because he will be required to wear a mask, which he considers to be a form of unlawful race-based discrimination.

Plaintiff's allegations that masks are reminiscent of face coverings required to be worn by people subjected to chattel slavery are insufficient to plead plausibly that, in the state court, he would be denied rights concerned with racial equality. Defendant does not plead any facts about his own race, or any facts suggesting that the mask requirement in the New York courts is anything other than a general health and safety rule that applies without regard to race.

---

[2] In *Georgia v. Rachel*, for example, removal to federal court was warranted where a criminal defendant was being prosecuted in the courts of Georgia under a state criminal trespass law, in violation of federal civil rights legislation barring exclusion from public accommodations on account of race. 384 U.S. 780 (1966).

Defendant's allegations about masks are therefore insufficient to meet his burden of satisfying the requirements for removal under section 1443.

Defendant also includes allegations about his theories that various New York Supreme Court justice are members of Satanic secret societies, cabals, and pedophile rings, as supposedly evidenced, for example, by the position of their hands in photographs showing them shaking hands or making hand gestures. He suggests, for example, that former New York State Chief Judge Judith Kaye is wearing "pedophile symbols" as earring in an attached photograph. (ECF 1, at 4.) He argues, based "[o]n information and belief, [that] the presiding judge in the state court criminal matter was selected because of his affiliation with a secret society, c[l]ub or cabal." (*Id.* at 5, ¶ 20.) He also includes fantastical allegations about the Freemasons (*id.* at 8-28), the "New World Order" (*id.* at 38-40), and the "Luciferian Initiation," (*id.* at 43).

A court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Here, Plaintiff's allegations that the state court criminal proceedings are flawed because case assignment of his criminal matter was made because of "affiliation with a secret society, c[l]ub or cabal" (ECF 1 at 5, ¶ 20), are legally frivolous and do not provide any basis for removal of his state criminal proceedings to federal court. For all of these reasons, Defendant has not met his burden of pleading facts showing that removal is proper. This action is therefore remanded to state court. *See* 28 U.S.C. § 1455(b)(4).

## CONCLUSION

Removal of this action is improper, and it is therefore remanded under 28 U.S.C. § 1455(b)(4). The Clerk of Court is directed to send a copy of this order to the White Plains City Court. This order closes the action in this Court, and all pending motions are terminated.

5

      The Clerk of Court is further directed to mail a copy of this order to Defendant Michael Deem and note service on the docket.

SO ORDERED.

Dated:   February 22, 2022
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge